# IN UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JERRY DEAN BURDEN,** *Plaintiff* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **Case No. 1:25-cv-00091-ADA-SH** |
| **FRANK BISIGNANO, Commissioner of Social Security Administration,** *Defendant* | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act, filed December 18, 2025 (Dkt. 17), and the Commissioner's Response, filed January 23, 2026 (Dkt. 18).[1]

Plaintiff Jerry Dean Burden filed suit challenging the Social Security Administration's decision that he is not disabled under the Social Security Act. Dkt. 1. Plaintiff argued that the Administrative Law Judge's decision finding that he was not disabled was not supported by substantial evidence and did not apply the proper legal standards. Dkt. 10. In response, the Commissioner filed a motion to reverse and remand this action to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 13. This Magistrate Judge recommended that the District Court grant the Commissioner's motion and reverse and remand this case under the fourth sentence of 42 U.S.C. § 405(g) for further administrative

---

[1] The District Court referred this case to this Magistrate Judge for disposition of all non-dispositive matters and for a report and recommendations on all case-dispositive motions as provided in 28 U.S.C. § 636(b)(1) under Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Order issued May 11, 2023. Dkt. 3.

proceedings. Dkt. 14. The District Court adopted the Report and Recommendation and reversed and remanded the case. Dkt. 15.

Burden now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 17. He requests $7,065.46 in attorney's fees for 28.10 hours of services rendered on his behalf at a rate of $251.44 per hour. *Id.* a 6. Defendant does not oppose the fee request. Dkt. 18. Plaintiff also seeks filing fees of $405 paid from the Judgment Fund by the Department of the Treasury under 28 U.S.C. § 2412(a)(1) and 28 U.S.C. § 1920. Dkt. 17 at 6; Dkt. 17-1 at 1.

## I.   Analysis

Under the "American Rule," each party ordinarily bears its own attorney's fees unless Congress has explicitly authorized otherwise. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The EAJA grants such authorization, providing that "a court shall award to a prevailing party" attorney's fees and expenses in a civil action against the United States. 28 U.S.C. § 2412(d)(1)(A); *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019). Once a plaintiff establishes that he is a prevailing party "whose net worth did not exceed $2,000,000 at the time the civil action was filed," § 2412(d)(2)(B), "the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust." *W.M.V.C.*, 926 F.3d at 208 (quoting *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988)). A party who obtains a remand in a Social Security appeal under the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curiam).

Defendant does not dispute that Plaintiff is the prevailing party and entitled to a fee award under the EAJA. Dkt. 18. Nor does Defendant dispute the number of hours for which Plaintiff claims compensation or the hourly rate sought. *Id.*

The Court has reviewed the fee request and billing records submitted in support and agrees that the number of hours billed and the hourly rate are reasonable. Dkt. 17-7. Accordingly, the Court recommends that Burden's request for attorney's fees and costs be granted.

## II.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Burden's Application for Attorney Fees Under the Equal Access to Justice Act (Dkt. 17) and **ORDER** the Commissioner to remit to Plaintiff's counsel a check made payable to "Jerry Dean Burden" for attorney's fees in the amount of $7,065.46, pursuant to 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel, Michael Thomas Kelly, at Morgan & Weisbrod, PO Box 821329, Dallas, Texas 75382.[2]

The Court **FURTHER RECOMMENDS** that the District Court award $405 in filing fees to be paid from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304, made payable to Plaintiff and mailed to Plaintiff's counsel.

The Court **ORDERS** that the Clerk shall remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## III.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

---

[2] A fee award under the EAJA is to be paid directly to the plaintiff but can be mailed to plaintiff's counsel. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 13, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE